UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 07-75-DCR

UNITED STATES OF AMERICA                                                            PLAINTIFF

VS:            RECOMMENDED DISPOSITION OF MOTION TO DISMISS

JAMES MINIARD                                                                        DEFENDANT

\* \* \* \* \*

The Court considers a cursory motion to dismiss (or suppress[1]) filed by Defendant. In essence, as confirmed at a hearing on the matter, Defendant contends that the Government's confidential informant ("CI") in this case induced him to commit the charged offenses[2] via a sexual relationship between Defendant and the CI. Thus, Miniard argues, the case should be dismissed on due process grounds based on the Government's "outrageous conduct." The United States responds that such an argument really is in the nature of an entrapment defense for trial and that the Sixth Circuit forecloses the argument as a basis for dismissal. The Court agrees with the position of the United States and recommends that the District Court deny Miniard's request for dismissal but reserve for evaluation at trial any entrapment defense.

---

[1] The motion titularly raised suppression, but Defendant nowhere actually argued suppression related to the matters at issue.

[2] The indictment charges Defendant with multiple counts of oxycodone trafficking, along with two § 924(c) charges, allegedly occurring in Harlan County around the fall of 2006.

The parties have had difficulty even presenting the matter at a hearing. Defendant, by counsel, has unsuccessfully attempted to subpoena the person Miniard claims is the CI involved.[3] The United States refuses to confirm CI identity pretrial, and thus remains mute as to the history and specifics of any CI interaction with the Defendant. Defendant tendered an affidavit detailing his relationship with the person he claims is the CI. *See* DE# 14-2.

Miniard's argument, such as it is, is an amalgam of entrapment and due process. At the hearing, counsel confirmed that, in summary, his dismissal theory is that the CI induced Defendant to engage in the conduct alleged in the indictment through the sexual relationship between the two. Though sketchily developed in the briefing, Defendant stated that his "defense rests primarily upon a claim of entrapment and outrageous conduct upon the part of the agent for the Government." *See* DE# 20 ¶ 7. Miniard also stated that "the [CI] had a sexual relationship with the defendant throughout the entire time that the defendant was being investigated . . . This conduct is outrageous and indeed qualifies as entrapment." *See* DE# 14-1 at 2.

The United States cited the Court to Sixth Circuit cases purportedly foreclosing Defendant's effort at dismissal. *See* DE# 19 (citing *United States v. Warwick*, 167 F.3d 965, 974 (6th Cir. 1999) and *United States v. Tucker*, 28 F.3d 1420 (6th Cir. 1999)). The Court agrees, upon review, that the entrapment defense has no constitutional component in this Circuit and that the proffered due process argument fails. As the Sixth Circuit recently held:

---

[3] At the detention hearing in this case, the Government played video of undercover oxycodone buys from Defendant. The video depicted a woman present for those buys, who evidently was carrying a hidden camera to capture the conduct.

> We have held that the outrageous government conduct defense is not available where the defense is based either on a theory of government inducement, or on a theory that the "undercover officer's involvement in creating [the] crime was so significant that criminal prosecution violates due process."

*United States v. Blood*, 435 F.3d 612, 629 (6th Cir. 2006)(citations omitted); *see also Tucker*, 28 F.3d at 1427 ("[T]he Supreme Court has held that the basis for the entrapment defense lies in congressional intent and, specifically, *not* in the Due Process Clause[.]").  A defendant arguing governmental inducement applies the argument to support an entrapment defense, not a constitutional claim premised on due process.  Again, to quote from *Tucker*,

> [W]e hold that a defendant whose defense sounds in inducement is, by congressional intent and Supreme Court precedent, limited to the defense of entrapment and its key element of predisposition. Defendants may not circumvent this restriction by couching their defense in terms of "due process[.]"

*See Tucker*, 28 F.3d at 1428; *see also Warwick*, 167 F.3d at 975 ("This Court has expressly foreclosed the 'outrageous government conduct' defense in cases where the defendant alleges inducement.").

Defendant's theory[4] squarely rests on alleged governmental inducement, via the purported

---

4

Miniard premises his motion on cases from outside the Sixth Circuit, principally *United States v. Cuervelo*, 949 F.2d 559 (2d Cir. 1991).  Certainly, *Cuervelo* suggests a viable "sexual entrapment" theory of constitutional dimension separate and apart from entrapment.  Some other courts have followed the rationale.  *See, e.g., United States v. Nolan-Cooper*, 155 F.3d 221 (3d Cir. 1998); *United States v. Dyess*, 478 F.3d 224 (4th Cir. 2007).  The Sixth Circuit, as stated, flatly rejects a constitutional argument implicating improper inducement.

Even under *Cuervelo*, however, Defendant's allegations would fail to warrant an evidentiary hearing.  Although Miniard contends that the CI induced his illegal conduct by sexual activity, he nowhere connects the sexual activity to the government.  Thus, for a hearing right to exist, a defendant pursuing a *Cuervelo* argument must allege 1) that the government consciously used sex as a weapon in its investigatory arsenal or acquiesced in such use; 2) that the government initiated the sexual relationship for governmental ends; and 3) temporal proximity or entwinement between the relationship and the charges.  Here, neither the motion or affidavit suggests that the government knew about or encouraged the relationship, much less consciously used the relationship to advance governmental ends.  Miniard's affidavit details a relationship that began in "early 2006" in which

conduct of the CI, and the Sixth Circuit limits application of the theory to a potential entrapment defense. As such, the Court recommends that the District Court deny the motion to dismiss but reserve evaluation of the entrapment defense for the trial of this action.[5]

The Court directs the parties to 28 U.S.C. § 636(b)(1) and Rule 59 for appeal rights concerning this recommendation, issued under subsection (B) of said statute. Due to the imminence of trial, the Court directs that specific written objections, if any, be filed *within five (5) days* of service of this recommended disposition for evaluation by the District Judge.

This the 15th day of November, 2007.



Signed By:
Robert E. Wier
United States Magistrate Judge

---

Defendant supplied the CI pills as a "favor-for-favor exchange" involving sex. *See* DE# 14-2 ¶ 2-3. The indictment charges oxycodone distribution by Defendant occurring in the late summer and fall of 2006. Miniard's motion does not, even under *Cuervelo*, present the predicate allegations necessary to justify a factual hearing. In any event, *Cuervelo* is not the law in this Circuit.

[5] The Court denied Miniard's request to continue the hearing and denied a request that the Court specifically order the CI's appearance. In the Court's view, the Sixth Circuit's rejection of the due process theory relegates Miniard's argument to trial and a possible entrapment instruction. Thus, the Court viewed a continuance (and compulsion of the witness) as unnecessary. Defendant did not seek to call other witnesses as a part of the hearing. Additionally, Defendant's argument focused solely on conduct by the government; Miniard did not raise the predisposition issue that inheres in an entrapment analysis, again leading the Court to believe that the matter is one for resolution on the evidence presented at the trial.