UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 07-75-DCR |
| ) | |
| V. ) | |
| ) | |
| JAMES MINIARD, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant James Miniard's Motion to Dismiss or Suppress. [Record No. 16] Miniard essentially contends that his case should be dismissed because the government's confidential informant induced him to commit certain alleged crimes while engaging in a sexual relationship with him. Miniard claims that this "outrageous conduct" violated his due process rights. In response, the United States argues that Miniard's motion should be denied because his argument is really an entrapment defense and the Sixth has foreclosed the possibility of dismissal under such circumstances, citing *United States v. Tucker*, 28 F.3d 1420 (6th Cir. 1994), and *United States v. Warwick*, 167 F.3d 965 (6th Cir. 1999). [Record No. 19]

Consistent with local practice, the Defendant's motion was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1). The Magistrate Judge held a hearing on the motion and filed his Recommended Disposition on November 15, 2007. [Record No. 24] Based on his review of the parties' arguments and the

applicable law, the Magistrate Judge agreed with the United States that the Sixth Circuit had foreclosed the possibility of dismissal based on an entrapment or "outrageous conduct" defense under the circumstances presented. Accordingly, the Magistrate Judge recommended that Miniard's motion be denied, but that this Court reserve evaluation of the entrapment defense for trial. Neither party filed objections to the Magistrate Judge's Recommended Disposition within the time permitted.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, *see* 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).

Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Recommended Disposition. Under Sixth Circuit precedent, it is clear that Miniard's argument for dismissal on due process grounds based on alleged government inducement is precluded, although he may present it as an entrapment defense at trial. *See Tucker*, 28 F.3d at 1428 ("[W]e hold that a defendant whose defense sounds in inducement is . . . limited to the defense of entrapment and its key element of predisposition. Defendants may not circumvent this restriction by couching their defense in terms of 'due process' . . . ."); *see also Warwick*, 167 F.3d at 975; *United States v. Blood*, 435 F.3d 612, 629

(6th Cir. 2006). Accordingly, it is hereby

    **ORDERED** as follows:

    1. Defendant James Miniard's Motion to Dismiss or Suppress [Record No. 16] is **DENIED**. However, the Court reserves its ruling on the admissibility of any proposed entrapment defense for trial.

    2. The Magistrate Judge's Recommended Disposition [Record No. 24] is **ADOPTED** and **INCORPORATED** by reference.

    This 27th day of November, 2007.

Signed By:
*Danny C. Reeves* DCR
United States District Judge